# **Exhibit 1**

# GUARANTY

**To: Commercial Credit Group Inc. ("Creditor")**

**Re: Mulford Construction Co., Inc. ("Subject")**

1. For valuable consideration, each of the undersigned ("Guarantor"), jointly and severally, unconditionally guarantees and agrees to be unconditionally liable for the full, complete and prompt payment and performance (and not merely a guaranty of collection) of any and all present and future Obligations (as hereinafter defined) of Subject to Creditor, whether joint or several, direct or indirect, absolute or contingent, matured or un-matured, secured or unsecured; without reduction by reason of any claim, defense, setoff, counterclaim or recoupment. This is a continuing guaranty which shall remain in full force and effect, regardless of the death or dissolution of Guarantor, until full and indefeasible payment and performance of all Obligations, and thereafter until Creditor's actual receipt of a written notice of termination of Guarantor's obligations hereunder as set forth in paragraph 4 below (any such notice of termination must be sent by certified mail and shall be effective only as to transactions arising, incurred or created after Creditor's receipt thereof).

2. The term "Obligations" as used herein shall mean and include: (a) any and all loans, equipment leases, conditional sale contracts, advances, payments, extensions of credit, endorsements, , benefits and financial accommodations, previously, now or hereafter made, granted or extended by Creditor on account of Subject or which Creditor has or will become obligated to make, grant or extend to or for the account of Subject; and (b) any and all interest, commissions, obligations, liabilities, indebtedness, charges, late charges, prepayment premiums, attorneys fees and costs and expenses hereto and/or hereafter chargeable against Subject by Creditor or owing by Subject to Creditor or upon which Subject may be and/or has become liable as endorser or guarantor; and (c) all obligations and/or indebtedness of any and every kind of Subject to Creditor whether direct or indirect, whether contingent or absolute, whether matured or un-matured and whether now or in the future arising, existing, incurred, contracted or owing to Creditor or acquired by Creditor by one or more assignments, transfers or otherwise, including but not limited to amounts due upon any notes or other obligations, given to or received by Creditor directly from Subject or by way of assignment from any one or more third parties and whether or not presently contemplated by the parties; and (d) any and all renewals, amendments, rewrites, increases, modifications or extensions of any of the foregoing.

3. Each of the Guarantors hereunder warrant and agree, that Guarantors' liability to Creditor hereunder is direct and unconditional and may be enforced against Guarantors without Creditor's prior resort to any other right, remedy or security and shall continue notwithstanding any repossession or other disposition of security regardless of whether same may be an election of remedies against Subject and without Creditor first having to proceed against Subject or to liquidate any Obligations of Subject or any property, collateral or security ("Security") securing Subject's Obligations, and irrespective of any invalidity, illegality, illegitimacy or unenforceability of any such Obligation or the insufficiency, invalidity or unenforceability of any Security of any such Obligations. Each of the Guarantors hereunder also warrant and agree, (a) to pay on demand all sums due and to become due to Creditor arising out of Subject's Obligations; (b) to pay on demand all losses, costs, attorneys' fees and expenses which may be suffered by Creditor by reason of Subject's default or default of any Guarantor hereunder; (c) to be bound by and to pay on demand to Creditor any deficiency established by a liquidation of Subject's Obligations or Security securing Subject's Obligations, with or without notice to any or all Guarantors; and (d) that no Guarantor shall be released or discharged, either in whole or in part, by Creditors failure or delay to perfect or continue the perfection of any security interest in any Security which secures the Obligations of Subject or any Guarantor to Creditor, or to protect the Security covered by such security interest or by any waiver, subordination or release of any security interest. Guarantors agree to pay to Creditor all costs and expenses, including attorneys' fees, incurred by Creditor in exercising any right, power or remedy conferred by this Guaranty, or in the enforcement of this Guaranty, whether or not any action is filed in connection therewith. Until paid to Creditor, such amounts shall bear interest at the highest rate allowed by any instruments evidencing the Obligations. Guarantor's liability to Creditor hereunder shall not be released, impaired or satisfied for any reason until all Obligations of Subject have been fully and indefeasibly paid and performed, with interest.

4. No termination hereof shall be effected by the death or dissolution of Guarantor(s). No termination shall be effective except by notice sent to Creditor by certified mail return receipt requested naming a termination date effective not less than 90 days after the receipt of such notice by Creditor. Such notice will not be effective as to any Guarantor who has not given such notice or affect any transaction entered into prior to the effective date of termination or affect the accrual of interest, attorney's fees, costs and expenses or other amounts accruing on any Obligations incurred prior to termination.

5. Each of the Guarantors waives: (a) notice of acceptance hereof; presentment, demand, protest and notice of nonpayment or protest as to any note or Obligation signed, accepted, endorsed or assigned to Creditor by Subject; any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which any of us may now or hereafter have against Subject or any other person directly or contingently liable for the Obligations guaranteed hereunder, or against or with respect to Subject's property (including, without limitation, property collateralizing its Obligations to Creditor), arising from the existence or performance of this Guaranty; (b) all exemptions and homestead laws and any other demands and notices required by law, to the extent permitted by applicable law; (c) all claims, setoffs and counterclaims now or hereafter arising; (d) any and all defenses based on suretyship or any other applicable law, including without limitation all rights and defenses arising out of (i) an election of remedies by Creditor even though that election of remedies may have impaired rights of subrogation and reimbursement against Subject by operation of law or otherwise, (ii) protections afforded to Subject pursuant to antideficiency or similar laws limiting or discharging Subject's Obligations to Creditor, (iii) the invalidity or unenforceability of this guaranty, (iv) the failure to notify any Guarantor of the disposition of any Security securing the Obligations of Subject, (v) the commercial reasonableness of such disposition or the impairment, however caused, of the value of such Security, (vi) any bankruptcy, extensions, stays, moratoria or other relief granted to Subject or any Guarantor pursuant to any statute presently in force or hereafter enacted and (vii) any duty on Creditor's part (should such duty exist) to disclose to any or all Guarantors any matter, fact or thing related to the business operations or condition (financial or otherwise) of Subject or its affiliates or property, whether now or hereafter known by Creditor; (e) any right to require Creditor to proceed against Subject or any other guarantor, other party, or Security for any Obligation. Guarantors agree that all present and future indebtedness of Subject to Guarantors are hereby subordinated to, assigned and transferred to Creditor and pledged and made security for the Obligations. Guarantor shall have no right of subrogation against Subject unless and until the Obligations are paid in full and that Creditor shall have all the rights and remedies of Guarantors in any bankruptcy or insolvency proceedings of Subject unless and until the Obligations are paid in full.

6. Creditor may at any time and from time to time, without the consent of, or notice to Guarantors and without affecting or impairing the obligation of any Guarantor hereunder, do any of the following: (a) renew, increase, extend (including extensions beyond the original term of the respective instrument), modify (including covenants, conditions, changes in interest rates or fees, or amounts and/or timing of payments), release or discharge any Obligations of Subject, of its customers, of co-guarantors (whether hereunder or under a separate instrument) or of any other party at any time directly or contingently liable for the payment or performance of any of said Obligations; (b) accept partial payments of said Obligations; (c) accept new or additional documents, instruments or agreements relating to or in substitution of said Obligations; (d) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of said Obligations and the Security thereunder in any manner or any other guarantee thereof; (e) consent to the transfer or return of the Security, take and hold additional security or guaranties for said Obligations; (f) amend, exchange, release or waive any Security or guaranty; or (g) bid and purchase at any public or private sale of security securing Subject's Obligations and apply any proceeds or security to such Obligations, and direct the order and manner of sale.

GTY.0113F

CCG

7. If a claim is made upon Creditor at any time for repayment or recovery of any amount(s) or other value received by Creditor, from any source, in payment of or on account of any of the Obligations of Subject guaranteed hereunder and Creditor repays or otherwise becomes liable for all or any part of such claim by reason of: (a) any judgment, decree or order of any court or administrative body having competent jurisdiction; or (b) any settlement or compromise of any such claim; Guarantors shall remain jointly and severally liable to Creditor hereunder for the amount so repaid or for which Creditor is otherwise liable to the same extent as if such amount(s) had never been received by Creditor, notwithstanding any termination hereof or the cancellation of any note or other agreement evidencing any of the Obligations of Subject.

8. **EACH OF THE GUARANTORS HERBY AGREE TO THE EXCLUSIVE VENUE AND JURISDICTION OF ANY STATE OR FEDERAL COURT PRESIDING IN MECKLENBURG COUNTY NORTH CAROLINA FOR ALL ACTIONS, PROCEEDINGS, CLAIMS, COUNTERCLAIMS OR CROSSCLAIMS ARISING DIRECTLY OR INDIRECTLY IN CONNECTION WITH, OUT OF, OR IN ANY WAY RELATED TO THIS GUARANTY, WITH THE SOLE EXCEPTIONS THAT AN ACTION TO RECOVER POSSESSION OF ALL OR PART OF THE SECURITY OR ANY OTHER ASSETS OF SUBJECT OR ANY OF THE GUARANTORS HOWEVER DENOMINATED, MAY, IN THE SOLE DISCRETION OF CREDITOR, BE BROUGHT IN A STATE OR FEDERAL COURT HAVING JURISDICTION OVER SUCH SECURITY AND/OR ASSETS, AND THAT JUDGMENTS MAY BE CONFESSED, ENTERED, OR ENFORCED IN ANY JURISDICTION WHERE SUBJECT, OR ANY GUARANTOR, OR SECURITY AND/OR ANY OTHER ASSETS OF SUBJECT, OR GUARANTOR MAY BE LOCATED. EACH GUARANTOR WAIVES ANY RIGHT THEY OR ANY OF THEM MAY HAVE TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT IN ACCORDANCE HEREWITH. EACH GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY AND ALL RIGHT TO A TRIAL BY JURY OF ANY AND ALL CLAIMS, DEFENSES, COUNTERCLAIMS, CROSSCLAIMS AND SETOFF OR RECOUPMENT CLAIMS ARISING EITHER DIRECTLY OR INDIRECTLY BETWEEN OR AMONG THEM AND/OR INVOLVING ANY PERSON OR ENTITY CLAIMING ANY RIGHTS ACQUIRED BY, THROUGH OR UNDER ANY PARTY AND FURTHER WAIVES ANY AND ALL RIGHT TO CLAIM OR RECOVER ANY PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO ACTUAL DAMAGES.**

9. Intending that each and every provision of this Guaranty be fully effective and enforceable according to its terms, Creditor, Guarantors and Subject agree that the validity, enforceability and effectiveness of each provision hereof and the obligations, rights and remedies of Creditor and Guarantors in any way related to or arising under this Guaranty shall be governed by and construed in accordance with the laws of the State of Delaware (excluding its choice of law rules). Guarantors shall execute, acknowledge and deliver to Creditor all documents, and shall take all actions, reasonably required by Creditor from time to time to confirm or give effect to the matters set forth herein, or otherwise to carry out the purposes of this Guaranty. If any one or more provisions hereof are in conflict with any statute or law and thus not valid or enforceable, then each such provision shall be deemed null and void but only to the extent of such conflict and without invalidating or affecting the remaining provisions hereof.

10. This Guaranty constitutes the entire agreement of the Guarantors regarding the guaranty of Subject's Obligations to Creditor. No failure to exercise, no delay in exercising, and no single or partial exercise on the part of Creditor of any right, privilege, remedy, or power under this Guaranty, shall operate as a waiver thereof or preclude Creditor from exercising any other right, privilege, remedy or power under this Guaranty. No waiver of any provision of this Guaranty shall be effective unless in a writing, signed by a duly authorized officer of the party to be charged, and no amendment, supplement or other modification of this Guaranty shall be effective unless in writing signed by the Guarantor relative to whom such writing applies. This instrument constitutes the entire agreement between the parties. This Guaranty cannot be modified or terminated orally. Only a written instrument, signed by an authorized officer of the Creditor, shall be effective to modify or terminate any obligation of a Guarantor to Creditor or this Guaranty but only to the extent specifically set forth therein.

11. This Guaranty may be assigned, without notice to Guarantor, and upon such assignment Guarantor agrees not to assert against any assignee hereof any defense, set-off, recoupment, claim, counterclaim or cross-claim which Guarantor may have against Creditor, whether arising hereunder or otherwise, and such assignee shall be entitled to at least the same rights as Creditor. All of the rights, remedies, options, privileges and elections given to the original Creditor hereunder shall inure to the benefit of any assignee, transferee or holder of this Guaranty, and their respective successors and assigns. Guarantors may not assign or delegate any duty or obligation hereunder. This Guaranty shall bind each Guarantor's respective heirs, administrators, representatives, successors, and assigns. All of Creditor's rights hereunder are cumulative and not alternative.

Dated: <u>April 10, 2015</u>


NOTE: Individual guarantors must sign without titles

## Individual Guarantors

| Name | Signature | Address | Witness |
|------|-----------|---------|---------|
| William M. Fowler | | 1445 Old Adelina Rd. Prince Frederick, MD 20678 | |
| Karen M. Fowler | | 1445 Old Adelina Rd. Prince Frederick, MD 20678 | |
| Kurt M Fowler | | 1440 Old Adelina Rd. Prince Frderick, MD 20678 | |


## Corporate/LLC Guarantors

| Name of Corporation/LLC | By: | Its: | Witness |
|-------------------------|-----|------|---------|
| | | | |