# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WARREN

-------------------------------------------------------------------------------x

BLADE FUNDING CORP,

                                Plaintiff,

      -against-

KURT MERLE FOWLER, CALVERT C&D RECYCLING
CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING,
LLC, MULFORD MAINTENANCE, INC., MULFORD
INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND
PROCESSING, LLC, LAHACO INVESTMENTS, LLC,
MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC,
CHESAPEAKE ENVIRONMENTAL MATERIALS LLC,
LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S
AND TRAILERS,

                              Defendants.

-------------------------------------------------------------------------------x

**INDEX NO:**

**<u>SUMMONS</u>**

Designated Venue: Warren County
Basis of venue designated:
Contract

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice
of Appearance, on the Plaintiff's attorneys within 20 days after service of this Summons,
exclusive of the day of service (or within 30 days after the service is completed if this Summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
Complaint.

DATED:     Garden City, NY
               May 12, 2026

                               DAVID FOGEL P.C.

                               s/ David Fogel
                               David Fogel, Esq.
                               1225 Franklin Avenue
                               Suite 522
                               Garden City, New York 11530
                               Tel: (516) 279-1420
                               Attorney for Plaintiff
                               File No.: 47814

**DEFENDANTS:**
KURT MERLE FOWLER
1440 Old Adelina Road
Prince Frederick, MD 20678

CALVERT C&D RECYCLING CENTER, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

TRIPLE CREEK FARMS CONTRACTING, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

MULFORD MAINTENANCE, INC.
1440 Old Adelina Road
Prince Frederick, MD 20678

MULFORD INDUSTRIAL, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

HAGERSTOWN TRANSFER AND PROCESSING, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

LAHACO INVESTMENTS, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

MULFORD ENTERPRISES, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

CEM ROLLOFFS, LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

CHESAPEAKE ENVIRONMENTAL MATERIALS LLC
1440 Old Adelina Road
Prince Frederick, MD 20678

LAHACO EQUIPMENT RENTALS
1440 Old Adelina Road
PRINCE, MD 20678

RIVERSIDE RV'S AND TRAILERS
1440 Old Adelina Road
Prince Frederick, MD 20678

Case 2:26-cv-01300   Doc 13-2   Filed 05/22/26   Page 4 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WARREN

------------------------------------------------------------------------x

BLADE FUNDING CORP,                              **INDEX NO:**

                    Plaintiff,        **VERIFIED COMPLAINT**

    -against-

KURT MERLE FOWLER, CALVERT C&D RECYCLING
CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING,
LLC, MULFORD MAINTENANCE, INC., MULFORD
INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND
PROCESSING, LLC, LAHACO INVESTMENTS, LLC,
MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC,
CHESAPEAKE ENVIRONMENTAL MATERIALS LLC,
LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S
AND TRAILERS,

                    Defendants.

------------------------------------------------------------------------x

Plaintiff, by its attorneys, DAVID FOGEL P.C., as and for its complaint herein,

alleges against KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER, LLC,

TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD MAINTENANCE, INC.,

MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND PROCESSING, LLC,

LAHACO INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM ROLLOFFS,

LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT

RENTALS and RIVERSIDE RV'S AND TRAILERS (collectively, "Defendants"), the

following:

1. At all times hereinafter mentioned, Plaintiff was and still is a corporation

    authorized to do business in New York.

2. At all times hereinafter mentioned, upon information and belief, Defendant KURT

Case 23-00130 Doc 18-2 Filed 05/12/26 Page 5 of 13

MERLE FOWLER was and still is a resident of the State of MD.

3. At all times hereinafter mentioned, upon information and belief, Defendant CALVERT C&D RECYCLING CENTER, LLC was and still is a limited liability company, organized under the laws of the State of MD.

4. At all times hereinafter mentioned, upon information and belief, Defendant TRIPLE CREEK FARMS CONTRACTING, LLC was and still is a limited liability company, organized under the laws of the State of MD.

5. At all times hereinafter mentioned, upon information and belief, Defendant MULFORD MAINTENANCE, INC. was and still is a corporation, incorporated under the laws of the State of MD.

6. At all times hereinafter mentioned, upon information and belief, Defendant MULFORD INDUSTRIAL, LLC was and still is a limited liability company, organized under the laws of the State of MD.

7. At all times hereinafter mentioned, upon information and belief, Defendant HAGERSTOWN TRANSFER AND PROCESSING, LLC was and still is a limited liability company, organized under the laws of the State of MD.

8. At all times hereinafter mentioned, upon information and belief, Defendant LAHACO INVESTMENTS, LLC was and still is a limited liability company, organized under the laws of the State of MD.

9. At all times hereinafter mentioned, upon information and belief, Defendant MULFORD ENTERPRISES, LLC was and still is a limited liability company, organized under the laws of the State of MD.

10. At all times hereinafter mentioned, upon information and belief, Defendant CEM ROLLOFFS, LLC was and still is a limited liability company, organized under the laws of the State of MD.

11. At all times hereinafter mentioned, upon information and belief, Defendant CHESAPEAKE ENVIRONMENTAL MATERIALS LLC was and still is a limited liability company, organized under the laws of the State of MD.

12. At all times hereinafter mentioned, upon information and belief, Defendant LAHACO EQUIPMENT RENTALS was and still is a business entity under the laws of the State of MD.

13. At all times hereinafter mentioned, upon information and belief, Defendant RIVERSIDE RV'S AND TRAILERS was and still is a business entity under the laws of the State of MD.

14. Defendants agreed that any action between the parties arising out of the subject settlement agreement described hereunder be instituted in any court sitting in New York State and are therefore subject to the jurisdiction of this Court.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Agreement Against KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD MAINTENANCE, INC., MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND PROCESSING, LLC, LAHACO INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S AND TRAILERS)**

15. On March 17, 2026, Plaintiff and KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING, LLC,

Case 26-10191300   Doc 18-2   Filed 05/25/26   Page 7 of 13

MULFORD MAINTENANCE, INC., MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND PROCESSING, LLC, LAHACO INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S AND TRAILERS (the "Defendants")[1], entered into a written Settlement Agreement to resolve certain obligations owed by Defendants to Plaintiff. A copy of the fully executed Settlement Agreement is attached as **Exhibit 1**.

16. Pursuant to the terms of the Settlement Agreement, Defendants were obliged to pay $873,998.75 ("Settlement Amount") in accordance with the payment schedule set forth in Section 2.2(a).

17. Defendants made a total of 8 payments toward the Settlement Amount in the aggregate amount of $30,414.00 pursuant to its schedule, as follows: four (4) payments of $5,355.00, scheduled as Payment 1, totaling $21,420.00; and four (4) payments of $2,248.50, scheduled as Payment 2, totaling $8,994.00.

18. Defendants thereafter failed and refused to make the next scheduled payment which was due on March 24, 2026. Therefore, Defendants materially breached the Settlement Agreement.

---

[1] In addition to the party Defendants named in this action, non-party MULFORD CONSTRUCTION CO INC. d/b/a MULFORD CONSTRUCTION CO ("Mulford Construction") was a party to the Settlement Agreement, however, Mulford Construction is not a named party-defendant herein since it filed for bankruptcy on March 27, 2026, in the District of Maryland (case number 26-13271),and is subject to the bankruptcy's automatic stay.

19. Section 3.1 of the Settlement Agreement provides in pertinent part that in the event of Defendants' failure to pay in accordance with the terms, then the:

> Settlement Amount shall automatically adjust to $873,998.75 less any payments made plus legal fees in the amount of $20,000.00, along with costs, disbursements and expenses, which amount shall automatically become due on the day following such default and Creditor shall be entitled to the immediate entry of a judgment based on such default for said amount without further notice to Debtors.

20. As a result of the default, the Settlement Amount automatically adjusted to the sum of **$817,963.75** and became due on March 24, 2026, which amount is calculated as follows: $873,998.75, less payments received in the amount of $76,035.00[2], plus legal fees in the amount of $20,000.00.

21. Pursuant to Section 3.3 of the Agreement, written notice of Defendants' default was not required.

22. In Section 6.10, the parties agreed to the jurisdiction of this Court and Defendants agreed to accept service of process via email sent to kfowler@mulfordconstruction.com.

23. Based upon Defendants' aforesaid default under the Settlement Agreement, Defendants are obliged to pay Plaintiff the sum of **$817,963.75** with interest thereon from March 24, 2026.

---

[2] Prior to consummating the Settlement Agreement, Defendants remitted the sum of $45,621.00. Since the Settlement Amount reflected in the Settlement Agreement did not account for said remittance (since they were pending at the time that the agreement was negotiated), said payments are accounted for and deducted herein from the Settlement Amount.

WHEREFORE, Plaintiff demands judgment against Defendants, KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD MAINTENANCE, INC., MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND PROCESSING, LLC, LAHACO INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S AND TRAILERS, jointly and severally, in the amount of **$817,963.75** with interest from March 24, 2026, together with the costs and disbursements of this action; and any such other and further relief as the Court deems just and proper.

DATED:     Garden City, NY
           May 12, 2026

                              DAVID FOGEL P.C.

                              s/ David Fogel
                              David Fogel, Esq.
                              1225 Franklin Avenue
                              Suite 522
                              Garden City, New York 11530
                              Tel: 516-279-1420
                              Attorneys for Plaintiff
                              File No.: 47814

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WARREN

-----------------------------------------------------------x

BLADE FUNDING CORP,

                            Plaintiff,

-against-

KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER, LLC,
TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD MAINTENANCE,
INC., MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND
PROCESSING, LLC, LAHACO INVESTMENTS, LLC, MULFORD
ENTERPRISES, LLC, CEM ROLLOFFS, LLC, CHESAPEAKE
ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT RENTALS
and RIVERSIDE RV'S AND TRAILERS,

                            Defendants.

-----------------------------------------------------------x

**INDEX NO:**

**VERIFICATION OF COMPLAINT**

## ☐ PLAINTIFF VERIFICATION

STATE OF NJ)
COUNTY OF OCEAN) ss.

SAM CHARLOP, being duly sworn, deposes and says:

I am CEO of BLADE FUNDING CORP, the Plaintiff herein; I have read the foregoing complaint and know the contents thereof; that the same is true to my knowledge except those matters herein stated to be alleged upon information and belief, and as to those matter I believe them to be true. The grounds for my belief as to those matters herein not stated upon my knowledge is based upon the records in my possession.

_____

SAM CHARLOP

SWORN TO BEFORE ME THIS
_____ DAY OF _____, 20___

_____

NOTARY PUBLIC

## ☒ ATTORNEY VERIFICATION

DAVID FOGEL, an attorney duly admitted to practice before the Court of the State of New York, affirms the truth of the following under the penalties of perjury:

1. That I am the attorney of record for the Plaintiff with respect to the above-entitled action, and as such I am fully familiar with the facts and circumstances set forth in Plaintiff's annexed complaint. I have read the foregoing complaint and, upon information and belief, know the contents thereof to be true. This verification is made by your deponent rather than by plaintiff because Plaintiff's residence/principal place of business is located in a county other than the county in which my law office is situated.

2. The grounds of my belief include my review of certain of Plaintiff's books and records, and my communications with Plaintiff.

Dated: Garden City, NY
       May 12, 2026

                      DAVID FOGEL P.C.

                      s/ David Fogel
                      David Fogel, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WARREN
-------------------------------------------------------------------X

BLADE FUNDING CORP,

                             Plaintiff,

       -against-

KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER,
LLC, TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD
MAINTENANCE, INC., MULFORD INDUSTRIAL, LLC,
HAGERSTOWN TRANSFER AND PROCESSING, LLC, LAHACO
INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM
ROLLOFFS, LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS
LLC, LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S AND
TRAILERS,

                           Defendants.
-------------------------------------------------------------------X

INDEX NO:

## NOTICE OF ELECTRONIC FILING (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:
    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and
    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).
- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:
- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**
- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys (E-filing is Mandatory for Attorneys)
An attorney representing a party who is served with this notice must either:
    1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile;

or

    2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:   May 12, 2026

                              DAVID FOGEL P.C.
                              *s/ David Fogel*
                              David Fogel, Esq.
                              Tel: 516-279-1420
                              legaldocs@dfogelpc.com

FILED: WARREN COUNTY CLERK 05/12/2026 04:51 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2026-75912
RECEIVED NYSCEF: 05/12/2026

FILED: WARREN COUNTY CLERK 05/12/2026 04:51 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2026-75912
RECEIVED NYSCEF: 05/12/2026

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement"), dated as of March 17, 2026, is hereby entered into by and among BLADE FUNDING CORP ("Creditor") and MULFORD CONSTRUCTION CO INC. D/B/A MULFORD CONSTRUCTION CO, KURT MERLE FOWLER, CALVERT C&D RECYCLING CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD MAINTENANCE, INC., MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND PROCESSING, LLC, LAHACO INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S AND TRAILERS (collectively referred to herein as the "Debtors"). The parties may collectively be referred to herein either as a Party (if singular) or the Parties (if plural).

### ARTICLE 1 - BACKGROUND

This Agreement is based upon the following:

1.1     Creditor and Debtors entered into a certain merchant written agreement, dated October 20, 2025 (the "First Contract"), pursuant to which Debtors were obliged to remit a Periodic Amount of $10,710.00 every weekday, subject to the terms and conditions therein.

1.2     Creditor and Debtors entered into a second merchant written agreement, dated October 29, 2025 (the "Second Contract"), pursuant to which Debtors were obliged to remit a Periodic Amount of $4,497.00 every weekday, subject to the terms and conditions therein. The First Contract and Second Contract are collectively referred to herein as the "Contract".

1.3     Debtors anticipatorily breached the terms of the Contract and the Parties desire to resolve the said default.

1.4     The Parties have resolved all claims, cross-claims and counterclaims which any of them have or have asserted or which may accrue against the others (the "Settlement").

WHEREFORE, in consideration of the mutual promises set forth herein, and as part of the resolution of the Action, the Parties agree as follows:

### ARTICLE 2 - SETTLEMENT TERMS

2.1     All of the above recitals stated in Article 1 are true and correct.

2.2     Upon and subject to the execution hereof by Creditor, Debtors shall take the following actions:

a.      Debtors shall cause to be paid to Creditor the total sum of **$873,998.75** (the "Settlement Amount"). The Settlement Amount shall be paid via two separate payments on every business day in accordance with the following schedule, which payments shall be applied to the First and Second Contract, respectively:

FN 47814

- From March 18, 2026 through April 10, 2026, each payment shall be the equivalent of 50% of the Periodic Amount due under each Contract, respectively:
  - Payment 1: $5,355.00
  - Payment 2: $2,248.50
- From April 13, 2026 until the Settlement Amount is fully paid, the payments shall revert to the full Periodic Amount due under each Contract, respectively:
  - Payment 1: $10,710.00
  - Payment 2: $4,497.00.

b.      The payments referenced in this section shall be delivered by Debtors to Creditor via ACH debits (two debits per day) which Debtors hereby authorize Creditor to initiate in accordance with the foregoing payment schedule.

### ARTICLE 3 - DEFAULT

3.1     If Debtors fail to make any payment as described above or otherwise default in the terms of this Agreement, including without limitation causing a payment to be stopped, disputed or returned for any reason, including without limitation, insufficient funds, then the **Settlement Amount shall automatically adjust to $873,998.75 less any payments made plus legal fees in the amount of $20,000.00, along with costs, disbursements and expenses, which amount shall automatically become due on the day following such default and Creditor shall be entitled to the immediate entry of a judgment based on such default for said amount without further notice to Debtors.**

3.2     Omitted.

3.3     No written notice of default shall be required to be served by or on behalf of Creditor.

3.4     Any failure or delay by Creditor or its counsel in exercising any right or remedy provided by this Agreement or law, shall not constitute a waiver of default nor preclude it from any other available rights or remedies.

### ARTICLE 4 - [OMITTED]

### ARTICLE 5 - RELEASES

5.1     In consideration for and upon actual receipt of the full and timely payment of the Settlement Amount, Creditor, on behalf of itself and its officers, directors, members, shareholders, agents, employees, successors and assigns hereby fully releases and forever discharges Debtors and each of them, and their respective officers, directors, shareholders, agents, employees, representatives, heirs, executors, administrators, attorneys, successors and assigns, from any and all claims, demands, actions, causes of action, liabilities, duties and obligations of every kind whatsoever, in law, equity or otherwise, whether known or unknown, suspected or unsuspected, fixed or contingent, which Creditor now has or may have had against the above-identified releasees, specifically limited and restricted to the Contract.

FN 47814

FILED: WARREN COUNTY CLERK 05/12/2026 04:51 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2026-75912
RECEIVED NYSCEF: 05/12/2026

FILED: WARREN COUNTY CLERK 05/12/2026 04:51 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2026-75912
RECEIVED NYSCEF: 05/12/2026

5.2     For valuable consideration hereby acknowledged, Debtors and each of them, on behalf of themselves and their officers, directors, shareholders, agents, employees, representatives, heirs, executors, administrators, affiliates, successors and assigns, hereby fully release and forever discharge Creditor and its officers, directors, members, shareholders, agents, employees, representatives, attorneys, affiliates, subsidiaries, successors and assigns, from any and all claims, demands, actions, causes of action, liabilities, duties and obligations of every kind whatsoever, in law, equity or otherwise, whether known or unknown, suspected or unsuspected, fixed or contingent, which Debtors now have or may have had against the above-identified releasees, specifically including the Contract.

5.3     Each Party hereto represents and warrants that there has been no assignment of any interest in any claim which he or it may have against any of the released parties.

### ARTICLE 6 - CONCLUDING PROVISIONS

6.1     The Parties each warrant and represent in executing this Agreement that he or it has relied upon such legal advice as was deemed to be appropriate and that the terms hereof and their consequences have been completely read and are understood. Debtors further warrant and represent that Debtors had ample opportunity to and either did or otherwise waived the right to consult with an attorney and that no one from Creditor's attorneys' office provided any Debtors with any legal advice whatsoever.

6.2     The Parties shall execute all documents and do all things reasonable necessary to fulfill and effectuate the terms of this Agreement.

6.3     This Agreement shall be binding upon and shall inure to the benefit of the heirs, predecessors, successors, executors, administrators, legal representatives and assigns, and all other persons or entities who may claim under or through each Party or any of them.

6.4     Should any action be initiated with respect hereto or with respect to matters referred to herein, the prevailing party shall be entitled to recover, in addition to that relief deemed to be appropriate, such attorneys' fees and court costs as are determined to be reasonable.

6.5     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Furthermore, signatures delivered via facsimile or email transmission shall have the same force, validity, and effect as the original signatures. The furnishing of this Agreement shall not be deemed an offer to settle since nothing is to be construed as binding unless and until this Agreement is fully executed by the parties.

6.6     All persons signing this Agreement represent and warrant that they have complete authority, right and power to enter into and execute this Agreement, on behalf of the entity for which they sign.

6.7     This Agreement expressly supersedes all prior settlement agreements and negotiations between the Parties on the subject matter hereof and is intended to be the sole and only agreement by and between the Parties with respect to the subject matter herein set forth. There are no representations

FN 47814

or warranties made by any Party to induce any other Party to execute this Agreement not set forth herein.

6.8     No provisions hereof may be waived unless in writing and signed by the Party against which the waiver is to be enforced. Waiver of any one provision herein shall not be deemed to be a waiver of any other provisions herein, and a waiver for one purpose or instance shall not be deemed a continuing or ongoing waiver for all purposes or instances. This Agreement may be modified or amended only by written agreement executed by all of the Parties.

6.9     In the event that any of the terms, covenants or conditions contained in this Agreement is held to be invalid, then any such invalidity shall not affect any other term, covenant or condition contained herein which shall remain in full force and effect, unless such term, covenant or condition is material to the intent of this Agreement.

6.10    This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Debtors and each of them hereby expressly consent to the jurisdiction of the state courts located in the State of New York, and such courts shall have jurisdiction for all actions, proceedings or litigation arising out of or relating to this Agreement or subject matter thereof, notwithstanding that other courts may have jurisdiction over the parties and the subject matter thereof. Debtors hereby agree and consent that the mailing or emailing of any process required by any such court will constitute valid and lawful service of process against each Debtor without the necessity for service by any other means provided by statute or rule of court, but without invalidating service performed in accordance with such other provisions. Such mailing of process shall be made via certified mail to the Debtors' Address shown on the signature page of this Agreement; and such emailing shall be made by emailing a copy of the process as an attachment to the email address(es) shown on the signature page of this Agreement (and a single email sent to each such email address shall be deemed sufficient service on all Debtors). Debtors agree that the service of such process and any legal papers served subsequently thereafter shall be deemed sufficient as against all Debtors and shall be deemed complete upon such mailing or transmission of such email irrespective of when and whether such mailing or email is actually received by Debtors.

FN 47814

FILED: WARREN COUNTY CLERK 05/12/2026 04:51 PM

NYSCEF DOC. NO. 2

INDEX NO. EF2026-75912

RECEIVED NYSCEF: 05/12/2026

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed and delivered by its duly authorized officer as of the day and year first above written.

CREDITOR
BLADE FUNDING CORP

By:

Its Authorized Agent

DEBTORS

By:
KURT MERLE FOWLER, individually and on behalf of MULFORD CONSTRUCTION CO INC. D/B/A MULFORD CONSTRUCTION CO, CALVERT C&D RECYCLING CENTER, LLC, TRIPLE CREEK FARMS CONTRACTING, LLC, MULFORD MAINTENANCE, INC., MULFORD INDUSTRIAL, LLC, HAGERSTOWN TRANSFER AND PROCESSING, LLC, LAHACO INVESTMENTS, LLC, MULFORD ENTERPRISES, LLC, CEM ROLLOFFS, LLC, CHESAPEAKE ENVIRONMENTAL MATERIALS LLC, LAHACO EQUIPMENT RENTALS and RIVERSIDE RV'S AND TRAILERS
*Address:*
1440 Old Adelina Road
Prince Frederick MD 20678
*Email:* kfowler@mulfordconstruction.com

FN 47814