# <u>EXHIBIT 5</u>

# CORPORATE BYLAWS

## of

# Mulford Construction Company, Inc.

## ARTICLE 1
### Company Formation

1.01  **FORMATION.**  This Corporation is formed pursuant to the Maryland General Corporation Law (the "Act") and the laws of the State of Maryland.

1.02  **CORPORATE CHARTER COMPLIANCE.**  The Board of Directors (the "Board") acknowledges and agrees that they caused the corporate charter (the "Charter") to filed with the Maryland State Department of Assessments & Taxation and all filing fees have been paid and satisfied, as required by Title 1, Subtitle 2 of the Act.

1.03  **REGISTERED OFFICE & RESIDENT AGENT.**  Per Sections 1-208 and 2-108 of the Act, the Board agrees that the Corporation's the resident agent and registered office are each located in the State of Maryland, as stated in the Charter. Per Section 2-114 of the Act, the Board is obligated to maintain and update the corporate records on file with the Corporation's registered agent.

1.04  **OTHER OFFICES.**  The Corporation may have other offices as selected by the Board.

1.05  **CORPORATE SEAL.**  Pursuant to Section 1-304 of the Act, the Board may decline to adopt a corporate seal with the form and inscription of their choosing.

1.06  **PURPOSE.**  Pursuant to Section 2-101 of the Act, this Corporation is formed to engage in any lawful business purpose.

1.07  **ADOPTION OF BYLAWS.**  Pursuant to Section 2-109 of the Act, the Board has caused the adoption of these corporate bylaws ("Bylaws") on behalf of the Corporation.

# ARTICLE 2
## Board of Directors

2.01 **INITIAL MEETING OF THE BOARD.** Pursuant to Section 2-109 of the Act, the Board has conducted and completed the initial meeting of the Corporation.

2.02 **POWERS AND NUMBERS.** Per Section 2-401 of the Act, the management of all the Corporation's affairs, property, and interests shall be managed by or under the direction of the Board. Per Section 2-402 of the Act, the Board of the Corporation shall be comprised of the number of directors listed in the Charter, unless expressly altered by these Bylaws. Consistent with Section 2-404 of the Act, the Board consists of at least one (1) natural person who need not be a stockholder or resident of the State of Maryland.

2.03 **DIRECTOR LIABILITY.** Each director is required, individually and collectively, to act in good faith, with reasonable and prudent care, and in the best interest of the Corporation. If a director acts in accordance with Section 2-405.1 of the Act, then they shall be immune from liability arising from official acts on behalf of the Corporation. Directors are presumed to act in compliance with Section 2-405.1 of the Act.

Directors who fail to comply with Section 2-405.1 of the Act shall be personally liable to the Corporation for any improper distributions and as otherwise described in Sections 2-216 and 2-312 of the Act and these Bylaws.

2.04 **CLASSES OF DIRECTORS.** Until such time as the Charter is accordingly amended, the Corporation does not have classes of directors.

2.05 **CHANGE OF NUMBER.** The number of directors may be changed at any time by amendment of these Bylaws, pursuant to the process outlined in Article 10 of these Bylaws. A decrease in number does not have the effect of shortening the term of any incumbent director. In the event the established number of directors is decreased, the directors shall hold their positions until the next stockholder meeting occurs and new directors are elected and qualified.

2.06 **ELECTION & REMOVAL OF DIRECTORS.** Pursuant to Section 2-404 of the Act, directors are to be voted on and elected at each annual stockholder meeting for a term of <u>one (1) year</u>. A director shall hold office until their successor is duly elected and qualified at the following annual stockholder meeting, unless a special meeting is expressly called to remove a director and/or fill a vacancy. If a director is elected, but is not yet qualified to hold office, then the previous director shall holdover until such time that the newly elected director is so qualified. Pursuant to Section 2-406 of the Act, the entire Board, or any member of the Board, may be removed by an affirmative vote by the holders of a majority of stock entitled to vote at any meeting of stockholders called expressly for that purpose.

2.07 **VACANCIES.** All vacancies in the Board may be filled by the affirmative vote of a majority of the remaining directors, *provided* that any such director who fills a vacancy is qualified to be a director and shall only hold the office until a new director is elected by the stockholders at the next meeting of the stockholders. Any director who fills a vacancy on the Board shall not be considered unqualified or disqualified solely by virtue of being an interim director. Pursuant to

Section 2-407 of the Act, any director elected by the stockholders to fill a vacancy which results from the removal of a director shall serve the remainder of the annual term of the removed director and until a successor is elected by the stockholders and qualified. The Board may fill a vacancy created by an increase in the number of directors for a term lasting until the next annual election of directors by the stockholders at the annual meeting or a special meeting called for the purpose of electing directors.

2.08    **REGULAR MEETINGS.** Pursuant to Section 2-409 of the Act, the meetings of the Board or any committee may be held at the Corporation's principal office or at any other place designated by the Board or its committee, including by means of remote communication which allows all persons participating in the meeting to hear each other at the same time. The annual meeting of the Board will be held without notice immediately after the adjournment of the annual meeting of stockholders.

2.09    **SPECIAL MEETINGS.** Pursuant to Section 2-409 of the Act, special meetings of the Board may be held at any place and at any time, including by means of remote communication which allows all persons participating in the meeting to hear each other at the same time, and may be called by the Chairman of the Board, the President, Vice President, Secretary, or Treasurer, or at least two (2) directors. Any special meeting of the Board must be preceded by at least forty-eight (48) hours' notice of the date, time, place, and purpose of the meeting, unless these Bylaws require otherwise.

2.10    **ACTION BY DIRECTORS WITHOUT A MEETING.** Pursuant to Section 2-408 of the Act, any action which may be taken at a meeting of the Board, or its committee, may be taken without a meeting, *provided* all directors or committee members unanimously agree, and such unanimous consent is filed with the minutes of the proceeding and sets forth the action taken taken by the Board.

2.11    **NOTICE OF MEETINGS.** The regular meetings of the Board shall be held without notice of the date, time, place, or purpose of the meeting, provided the meeting of the Board follows the adjournment of the annual stockholder meeting. Notice may be given personally, by facsimile, by mail, or in any other lawful manner, so long as the method for notice comports with Article 8 of these Bylaws. Oral notification is sufficient only if a written record of the notice is included in the Corporation's minute book. Notice is effective at the earliest of:

(a)    Receipt;

(b)    Delivery to the proper address or telephone number of the director(s) as shown in the Corporation's records; or

(c)    Five (5) days after its deposit in the United States mail, as evidenced by the postmark, if correctly addressed and mailed with first-class postage prepaid.

2.12    **WAIVER OF NOTICE.** Pursuant to Section 2-409 of the Act, a director waives the notice requirement if that director attends or participates in the meeting, unless a director attends for the express purpose of promptly objecting to the transaction of any business because the meeting was not lawfully called or convened. A director may waive notice by a signed writing, delivered to the Corporation for inclusion in the minutes before or after the meeting.

2.13   **QUORUM.**  Per subsection 2-408(b)(1) of the Act, a majority of the entire Board constitutes a quorum, and a quorum is necessary at all meetings to constitute a quorum to transact business.

2.14   **REGISTERING DISSENT.**  As provided in Section 2-410 of the Act, a director who is present at a meeting at which an action on a corporate matter is taken is presumed to have assented to such action, unless the director expressly dissents to the action. A valid dissent must be entered in the meeting's minutes, filed with the meeting's acting Secretary before its adjournment, or forwarded by registered mail to the Corporation's Secretary within 24 hours after the meeting's adjournment. These options for dissent do not apply to a director who voted in favor of the action or failed to express such dissent at the meeting.

2.15   **EXECUTIVE AND OTHER COMMITTEES.**  As permitted by Section 2-411 of the Act, the Board may create committees to delegate certain powers to act on behalf of the Board, provided the Board passes a resolution indicating such creation or delegation. Notwithstanding the power to create committees, no committee may be empowered to issue stock, recommend stockholder actions, nor amend these Bylaws. The Board may delegate to a committee the power to appoint directors to fill vacancies on the Board. All committees must record regular minutes of their meetings and keep the minute book at the corporation's office. The creation or appointment of a committee does not relieve the Board or its members from their standard of care described in Section 2.03 of these Bylaws or in Section 2-405.1 of the Act.

2.16   **REMUNERATION.**  Per Section 2-419 of the Act, the Board may adopt a resolution which results in directors being paid a reasonable compensation for their services rendered as directors of the Corporation. Directors may also be paid a fixed sum and expenses, if any, for attendance at each regular or special meeting of such Board. Nothing contained in these Bylaws precludes a director from receiving compensation for serving the Corporation in any other capacity, including any services rendered as an officer or employee. If the Board accordingly passes a resolution, then committee members may be allowed like compensation for attending committee meetings.

A resolution of the Board that grants compensation to a director may be challenged by a stockholder, provided the stockholder requests a special stockholder meeting specifically addressing the resolution related to director compensation. Any Board resolution that relates to director compensation can be overturned by a majority vote of stockholders.

2.17   **LOANS.**  The Corporation may not make loans to the directors without the approval of a majority of shareholders entitled to vote.

2.18   **INDEMNIFICATION.**  Provided the director complies with the standard of care described in Section 2.03 of these Bylaws and Section 2-405.1 of the Act, the Corporation shall indemnify any director made a party to a proceeding, brought or threatened, as a consequence of the director acting in their official capacity. In the event a director is entitled to indemnification by the Corporation, the director shall be indemnified pursuant to the process outlined in Section 2-418 of the Act.

## ARTICLE 3
### Stock

3.01 **AUTHORITY TO ISSUE.** Subject to Section 2-201 and 2-303 of the Act and the Charter, the Corporation is authorized to issue any class of stock or securities convertible into stock of any class. Before any stock of the Corporation may be issued, the Board must pass a resolution which authorizes the issuance, sets the minimum consideration for the stock or security (or a formula to determine the minimum consideration), and fairly describes any non-monetary consideration.

3.02 **RESTRICTIONS.** Stock may only be issued in accordance with the Corporation's charter, and through the process described in these Bylaws. Any issuance of stock in excess of the amount described in the charter of the Corporation must be authorized by the Board and approved by the affirmative vote by a majority of stockholders. Per Section 2-211 of the Act, any restriction on the transferability of stock shall be fully furnished to the stockholder, upon stockholder request, and without any charge to the stockholder. Per Section 2-211 of the Act, any failure to furnish such information to the stockholder does not render the restriction on stock transferability invalid or unenforceable.

As provided in Section 2-205, no stockholder has a preemptive right to subscribe to any subsequent or additional issuance of stock.

3.03 **STOCK CERTIFICATES.** Under Section 2-210 of the Act, stockholders are entitled to stock certificates that certify the shares of the Corporation's stock held by the stockholder. Notwithstanding the stockholders' rights to stock certificates, the Board may authorize the issuance of some or all shares of any class or series of stock without certificates, provided that the Board shall provide to a stockholder, upon that stockholder's request, a written statement that contains the information required to be on stock certificates, per Section 2-211 of the Act.

As required by Section 2-211 of the Act, each stock certificate must contain on its face:

(a) The Corporation name and that the Corporation is organized under the laws of this State;

(b) The name of the stockholder (or person to whom the stock is issued);

(c) The number and class of shares and the designation of the series, if any, the certificate represents;

(d) The signature of officers designated in these Bylaws or by the Board.

For the sake of clarity, in the event that an individual serves multiple roles within the Corporation, that person *cannot* countersign any document which that person has already signed in their official or individual capacity. If an officer who has signed or whose facsimile signature appears on any stock certificate ceases to be an officer before the certificate is issued to the stockholder, it may be issued by the Corporation and is valid as if the person were an officer on the date of issuance. The certificate may be sealed with the Corporation's seal.

3.04 **MUTILATED, LOST, OR DESTROYED CERTIFICATES.** Per Section 2-213 of the Act, in the instance of any mutilation, loss, or destruction of any stock certificate, another may be issued in its place on proof of such mutilation, loss or destruction. The Board may impose

conditions on such issuance and may require the giving of a satisfactory bond or indemnity to the Corporation. The Board may establish other procedures as they deem necessary.

3.05  **FRACTIONAL SHARES OR SCRIP.**  Subject to Section 2-214 of the Act, the Corporation may:

   (a)   Issue fractions of a share which entitle the holder to exercise voting rights, to receive dividends, and to participate in any of the Corporation's assets in the event of liquidation;

   (b)   Arrange for the disposition of fractional interests by those entitled thereto;

   (c)   Pay the fair market value, in cash, of fractions of a share as of the time when those entitled to receive such shares are determined; or

   (d)   Issue scrip in a form which entitles the holder to receive a certificate for the full share upon surrender of such scrip aggregating a full share.

3.06  **TRANSFER.**  So long as there is no transferability restriction on the stock, as described in Section 3.02 of these Bylaws, the stock of the Corporation is freely transferable. Transfers of stock must be made upon the corporation's stock transfer books. Stock transfer books shall be kept in the manner described in Article 7 of these Bylaws.

   Before a new certificate is issued, the old certificate must be surrendered for cancellation. The Board may, by resolution, open a share register in any state of the United States, and may employ an agent or agents to keep such register, and to record transfers or shares therein.

3.07  **REGISTERED OWNER.**  The Corporation shall recognize an individual as the registered owner of a given stock, *provided* that individual is determined as the stockholder of record by the record date as set out in Section 4.07 of these Bylaws. Stockholders may agree to confer the right to vote or represent their stock to third parties, including trustees, proxies, or fiduciaries. The Board may resolve to adopt a procedure by which a stockholder of the Corporation may certify in writing to the Corporation that all or a portion of the stock registered in the stockholder's name are held for the account of a specified person or persons. The resolution must set forth:

   (a)   The classification of stockholder who may certify;

   (b)   The purpose or purposes for which the certification may be made;

   (c)   The form of certification and information to be contained therein;

   (d)   If the certification is with respect to a record date or closing of the stock transfer books, the date within which the certification must be received by the Corporation; and

   (e)   Other provisions with respect to the procedure as are deemed necessary or desirable.

   Upon receipt of a certification complying with this procedure, the Corporation must treat the persons specified in the certification as the holders of record for the number of shares specified in place of the stockholder making the certification.

3.08  **CLASSES OR SERIES OF STOCK.**  Until such time that the Charter is amended accordingly, the stock of the Corporation is not classified, and is not in series. In the event the Board decides to classify or reclassify the stock or alter any stockholder rights or restrictions,

then the Board shall cause its Articles Supplementary to be filed with the Maryland State Department of Assessments & Taxation. Per Section 2-208 of the Act, the Articles Supplementary describe the rights and restrictions which are being modified or altered, along with a statement (if any) that the stock has been classified or reclassified. As required by Section 1-302 of the Act, the Articles Supplementary shall be acknowledged and signed by either a director or an executive officer on behalf of the Board.

3.09 **STOCK OWNED BY THE CORPORATION.** Shares of stock owned by the Corporation in another corporation may be voted by the officer, agent, or proxy chosen by the Board or, in the absence of such determination, by the President of the Corporation. The power to vote such shares is vested in the Board, however, the President is authorized to vote on the Corporation's behalf, only in the absence of a Board decision on how to vote. If the Board does render a decision related to the vote of shares, then the President is bound by the Board's decision.

Subject to Section 2-509 of the Act, the Corporation may vote or represent stock that it holds in itself, *provided* the Corporation holds such stock in a fiduciary capacity. If the Corporation holds stock in itself in such a fiduciary capacity, then such stock shall be counted in determining the total number of outstanding shares of stock at a given time.

# ARTICLE 4
## Stockholders' Meetings

4.01 **MEETING PLACE.** All stockholder meetings must be held at the Corporation's principal office or other place predetermined by the Board. As permitted by Section 2-502.1 of the Act, stockholders may participate in the meeting by means telephonic or video conference, *provided* the participants can hear each other in real time.

4.02 **ANNUAL MEETING TIME.** The annual stockholder meeting for the election of directors and the transaction of such other business properly before the meeting, must be held each year on _____, at the hour of _____. If that date is a legal holiday, then the meeting must be held on the day following, at the same hour. Failure to hold an annual meeting at the time stated or fixed within these Bylaws does not affect the validity of any corporate action.

4.03 **ANNUAL MEETING – ORDER OF BUSINESS.** Per Section 2-503 of the Act, the order of business at the annual stockholder meeting is as follows:

(a)   Calling the meeting to order;
(b)   Proof of notice of meeting (or filing of waiver);
(c)   Reading of minutes of last annual meeting;
(d)   Officer reports;
(e)   Committee reports;
(f)   Election of directors;
(g)   Disclosures to Stockholders;
(h)   Miscellaneous business.

4.04   **SPECIAL MEETINGS.**  Subject to Section 2-502 of the Act, special stockholder meetings, for any purpose, may be called at any time by the President, the Board, or the Secretary. The Secretary may only call a special stockholder meeting if the Secretary has received a written request from the holders of at least one-tenth of all shares entitled to vote at the meeting.

4.05   **NOTICE.**  Per Section 2-504 of the Act, the Secretary shall cause notice to be given to each stockholder of record at least ten (10) days, but no more than ninety (90) days, before the stockholders' meeting. Notice shall be by writing, electronic transmission, or by personal delivery, and shall state the time, place, and purpose of the meeting (including instructions for how to remotely or electronically attend and participate). Notice is considered given to a stockholder when it is personally provided to the stockholder, left at the stockholder's residence or usual place of business, mailed to the stockholder's address of record, or by electronic transmission to the stockholder's address or number of record on file with the Corporation. As permitted by Section 2-504.1 of the Act, a single notice can be delivered to multiple stockholders sharing the same address, unless the Corporation receives a request from a stockholder that more than a single notice be delivered.

Notice by electronic transmission shall be considered ineffective if the Corporation is unable to deliver two consecutive notices and the individual responsible for sending notices to stockholders is made aware of the delivery failures. A stockholder meeting, and any actions taken by stockholders, shall not be invalidated due to an inadvertent failure to deliver notice.

Per Section 2-504 of the Act and Section 4.07 of these Bylaws, the notice must include the record date for determining the shareholders entitled to vote at the meeting, if such date is different than the record date for determining shareholders entitled to notice of the meeting.

4.06   **WAIVER OF NOTICE.**  As stated in Section 2-504, a stockholder who is entitled to notice may waive the notice requirement if they provide a signed written waiver of the required notice, before or after the stated meeting time, or the stockholder is present at the meeting in person or by proxy and fails to object to the holding of the meeting or particular matter at the meeting outside the purpose described in the notice.

4.07   **RECORD DATE.**  Consistent with Section 2-511 of the Act, at least ten (10) days before each stockholder meeting, a complete record of the stockholders entitled to vote at the meeting must be made and maintained in the books and records of the Corporation. This list must be arranged in alphabetical order and include the address of and number of shares of stock held by each stockholder. This record must be kept on file at the Corporation's principal office for a period of ten (10) days prior to the meeting. The records must also be kept open for inspection at stockholder meetings.

4.08   **CLOSING OF TRANSFER BOOKS AND FIXING RECORD DATE.**  In order to determine which stockholders are entitled to notice of or to vote at any stockholder meeting, or any adjournment thereof, or entitled to receive payment of any dividend, the Board may require that the stock transfer books must be closed for not more than twenty (20) days prior to the meeting. Instead of closing the stock transfer books, the Board may fix in advance a record date for determination of such stockholders. The record date must not be more than ninety (90) days or less than ten (10) days prior to the date of the meeting, adjournment, or payment.

4.09   **STOCKHOLDER LIABILITY.**   Subject to Section 2-215 of the Act, stockholders are not liable to the Corporation or its creditors, except that in the event the agreed upon price or consideration for the stock has not been fully paid. In the event that a subscription price or consideration for stock has not been fully paid, the following people are not personally liable for the unpaid balance:

    (a)    a transferee or assignee who acquires the stock or subscription in good faith and without knowledge or notice of the nonpayment;

    (b)    a person who holds the stock as a fiduciary, although the estate in the hands of the fiduciary is liable for the nonpayment; and

    (c)    a pledgee or other person who holds stock as security.

4.10   **VOTING RIGHTS.**   Pursuant to Section 2-507 of the Act, each outstanding share of stock is entitled to one (1) vote on each matter submitted to a vote at a stockholder meeting, *provided* the shares are held in compliance with any payment plan, subscription, or stock purchase agreement.

4.11   **PROXIES.**   As permitted by Section 2-507 of the Act, a stockholder may vote either in person or by proxy, signed in writing by the stockholder or the stockholder's duly authorized attorney-in-fact. No proxy is valid after eleven (11) months from the date signed, unless the proxy states otherwise. A proxy is revocable by a stockholder at any time, unless the proxy states that it is irrevocable and is couple with an interest.

4.12   **QUORUM.**   As stated in Section 2-506, the presence, in person or by proxy, of the stockholders entitled to cast a majority of all the outstanding voting stock constitutes a quorum. If a quorum is present at a stockholder meeting, then a majority of all the votes cast at the meeting is sufficient to approve any matter properly brought before the meeting.

4.13   **ACTION BY STOCKHOLDERS WITHOUT A MEETING.**   As permitted by Section 2-505 of the Act, any action which may be taken at any annual or special stockholder meeting may be taken without a meeting if all of the stockholders entitled to vote on the subject consent to the action in writing. Such consent has the same force and effect as a unanimous vote of the stockholders.

## ARTICLE 5
### Officers

5.01   **DESIGNATIONS.**   As required by Section 2-412 of the Act, the Corporation shall have a President, a Secretary, and a Treasurer, who will be elected by the directors at their first meeting after the annual stockholder meeting. The Corporation may also have one or more Vice-Presidents (one shall serve as Executive Vice-President) and Assistant Secretaries and Assistant Treasurers as the Board may designate. An elected officer will hold office for one year or until a successor is elected and qualified. For the sake of clarity and the avoidance of doubt, the same person may hold any two or more offices concurrently, except the offices of President, Vice-President, and Secretary shall be held by separate individuals. Pursuant to Section 2-413 of the Act, all officers may be removed at any time, with or without cause

Corporate Bylaws                                         

5.02    **THE PRESIDENT.**  Pursuant to Section 2-412 and 2-414 of the Act, the President shall preside over all meetings of stockholders and directors, shall have general supervision of the Corporation's affairs, and perform all other duties as are incident to the office or are properly required by a resolution passed by the Board.

5.03    **VICE PRESIDENT.**  During the absence or disability of the President, the Executive Vice-President may exercise all functions of the President. Each Vice-President shall have such powers and fulfill such duties as may be assigned by a resolution of the Board.

5.04    **SECRETARY AND ASSISTANT SECRETARIES.**  Pursuant to Section 2-412 and 2-414 of the Act, the Secretary must:

(a)    Issue notices for all meetings and actions of  the Board or stockholders;

(b)    Accept all requests for special meetings of the Board or stockholders;

(c)    Accept all notices of proxy appointments and revocations;

(d)    Keep the minutes of all meetings;

(e)    Accept delivery of any dissent announced at any meeting of the Board or stockholders;

(f)    Acknowledge and execute any stock certificates;

(g)    Have charge of the corporate seal and books; and

(h)    Make reports and perform duties as are incident to the office, or are properly required of him or her by the Board of Directors.

The Assistant Secretary, or Assistant Secretaries (in the order designated by the Board), will perform all of the duties of the Secretary during the absence or disability of the Secretary, and at other times may perform such duties as are directed by the President or the Board.

5.05    **THE TREASURER.**  Pursuant to Section 2-412 and 2-414 of the Act, the Treasurer shall:

(a)    Have custody of all the Corporation's monies and securities and keep regular books of account, in accordance with Section 2-114 of the Act;

(b)    Disburse the Corporation's funds in payment of the just demands against the Corporation or as may be ordered by the Board, taking proper vouchers for such disbursements; and

(c)    Provide the Board with an account of all his or her transactions as Treasurer and of the financial conditions of the office properly required of him or her by the Board.

The Assistant Treasurer, or Assistant Treasurers (in the order designated by the Board), must perform all of the duties of the Treasurer in the absence or disability of the Treasurer, and at other times may perform such other duties as are directed by the President or the Board.

5.06    **DELEGATION.**  In the absence or inability to act of any officer and of any person authorized to act in their place, the Board may delegate the officer's powers or duties to any other officer, director, or other person, subject to Section 5.01 of these Bylaws. Vacancies in any office arising from any cause may be filled by the Board, subject to Section 5.01 of these Bylaws, at any regular or special board meeting.

5.07   **OTHER OFFICERS.**   The Board may appoint other officers and agents as they deem necessary or expedient. The term, powers, and duties of such officers will be determined by the Board and described in the resolution authorizing the appointment.

5.08   **LOANS.**   No loans may be made by the Corporation to any officer, unless first approved by a two-thirds majority vote of all the outstanding the voting shares entitled to vote on the matter.

5.09   **BONDS.**   The Board may resolve to require any officer to give bonds to the Corporation, with sufficient surety or sureties, conditioned upon the faithful performance of the duties of their offices and compliance with other conditions as required by the Board.

5.10   **SALARIES.**   Officers' salaries will be fixed from time to time by the Board. Officers are not prevented from receiving a salary by reason of the fact that he or she is also a director of the Corporation.

5.11   **INDEMNIFICATION.**   Subject to Section 2-418 of the Act, officers shall be indemnified by the Corporation, so long as the officer acted in a manner substantially similar to and consistent with the standard of care for directors, as described in Section 2.03 of these Bylaws. Any officer indemnification shall be limited to proceedings that are directly related to or have arisen out of the officer's acts on behalf of the Corporation.

## ARTICLE 6
### Capital & Finance

6.01   **DIVIDENDS.**   Subject to Section 2-311 of the Act, dividends may be declared by the Board and paid by the Corporation out of the net earnings of the corporation unreserved and unrestricted earned surplus of the Corporation, or out of the unreserved and unrestricted net earnings of the current fiscal year, or in treasury shares of the Corporation, subject to the conditions and limitations imposed by the State of Maryland. The stock transfer books may be closed by the Board pursuant to Section 2-511 of the Act and Sections 3.07 and 4.07 of these Bylaws. The Board, without closing the Corporation's books, may declare dividends payable only to holders of record at the close of business on any business day not more than ninety (90) days prior to the date on which the dividend is paid.

6.02   **RESERVES.**   The Board may, in their absolute discretion, set aside out of the Corporation's earned net surplus, such sum or sums as they deem expedient for dividend, maintaining any corporate property, or any other purpose, before making any distribution of earned surplus.

6.03   **DEPOSITORIES.**   The Corporation's monies must be deposited in the Corporation's name in a bank or trust company or trust companies designated by resolution of the Board. Corporate monies may be drawn out only by check or other order for payment signed by such persons and in such manner as may be determined by resolution of the Board.

## ARTICLE 7
### Books and Records

7.01   **MEETING MINUTES.**  As required by these Bylaws and Sections 2-111, 2-114, and 2-511 of the Act, the Corporation must keep a complete and accurate accounting and minutes of the proceedings of its stockholders and Board.

7.02   **STOCKHOLDER LIST.**  The Corporation must keep a list of its stockholders, including the names and addresses of all stockholders and the number and class of the shares held by each at its registered office or principal place of business, or at the office of its transfer agent or registrar.

7.03   **LEGIBILITY OF RECORDS.**  Subject to Section 2-114 of the Act, any books, records, and minutes may be in written form or any other form capable of being converted into written form within a reasonable time.

7.04   **RIGHT TO INSPECT.**  Subject to Section 2-512 of the Act, any stockholder or stockholder representative has the right, upon written request delivered to the Corporation, to inspect and copy during usual business hours the following documents of the Corporation:

(a)   The Corporate Articles (initial, restated, and as amended);

(b)   These Bylaws, and any amendments

(c)   Minutes of any proceedings;

(d)   Annual statements of affairs;

(e)   The books of account and stock ledger of the Corporation;

(f)   Any voting trust agreements;

(g)   All written communications to shareholders from the last three (3) years;

(h)   Accounting records of the Corporation; and

(i)   Record of the shareholders.

The Corporation elects to assume any obligations that may be related to this Article of these bylaws which would otherwise attach to the registered agent of the Corporation under Subsection 2-512(b) of the Act. The Corporation acknowledges and agrees that any obligation to produce corporate documents under this Article of the Bylaws shall attach to the Secretary as part of the duties described in Section 5.04 of these Bylaws.

## ARTICLE 8
### Notices

8.01   **MAILING OF NOTICE.**  Except as may otherwise be required by law, any notice to any stockholder or director may be delivered personally or by mail. If mailed, the notice will be deemed to have been delivered on the close of business of the third business day following the day when deposited in the United States mail with postage prepaid and addressed to the recipient's last known address in the records of the Corporation.

8.02 **E-NOTICE PERMITTED.** Per Section 2-115 of the Act, any communications required by the Act, they Bylaws, or other laws may be made by digital or electronic transmission to the recipient's known electronic address or number as known to the Corporation at the time of notice.

8.03 **DUTY TO NOTIFY.** All stockholders, directors, officers, employees, and representatives of the Corporation are required to notify the Corporation of any changes to the individual's contact information. Pursuant to the obligations under this Section of these Bylaws, the individual must notify the Corporation that electronic transmissions of notice are impracticable, impossible, frustrated, or otherwise improper and ineffective.

## ARTICLE 9
### Special Corporate Acts

9.01 **EXECUTION OF WRITTEN INSTRUMENTS.** All contracts, deeds, documents, and instruments that acquire, transfer, exchange, sell, or dispose of any assets of the Corporation must be executed by the President to bind the Corporation. This Section does not apply to any checks, money orders, notes, or other financial instruments for direct payment of corporate funds which are subject to Section 9.2 of these Bylaws.

9.02 **SIGNING OF CHECKS OR NOTES.** All authorizations to distribute, pay, or immediately draw upon the financial resources of the Corporation must be signed by the Treasurer, including any expense reimbursement or compensation payments to directors, officers, employees, representatives, service providers, or contractors of the Company.

9.03 **SPECIAL SIGNING POWERS.** To duly bind the Corporation to an agreement or instrument in the event the President holds an interest which exists outside of the capacity of being President, then any agreement involving such interest must be signed by an officer pursuant to either Section 5.03 or 9.2 of these Bylaws.

9.04 **STOCKHOLDER APPROVAL.** Pursuant to Section 3-104 of the Act, and until these Bylaws require otherwise, no stockholder approval is required to acquire, transfer, exchange, sell, or dispose of any assets of the Corporation in the ordinary course of business or after dissolving the Corporation. Notwithstanding any other provisions of these Bylaws, and consistent with Section 3-105 of the Act, stockholder approval is required prior to any merger, consolidation, share-exchange, conversion, or dissolution, and any loans provided under Sections 2.17 or 5.08 of these Bylaws.

9.05 **MERGERS & CONVERSIONS.** Following the approval from the stockholders, in order for any consolidation, merger, conversion, or other restructuring to be effective, it must follow the process(es) set out in Title 3, Subtitle 1 (Merger) and Subtitle 9 (Conversion) of the Act.

9.06 **DISSOLUTION.** Following the approval of the stockholders, in order for the Corporation to properly be dissolved, it must follow the process set out in Title 3, Subtitle 4 of the Act.

## ARTICLE 10
### Amendments

10.01 **BY STOCKHOLDERS.**   These Bylaws may be altered, amended or repealed by the affirmative vote of a majority of the voting stock issued and outstanding at any regular or special stockholder meeting.

10.02 **BY DIRECTORS.**  The Board of Directors has the power to make, alter, amend, and repeal the Corporation's Bylaws. Any alteration, amendment, or repeal of the Bylaws, may be changed or repealed by the holders of a majority of the stock entitled to vote at any stockholders meeting.

10.03 **EMERGENCY BYLAWS.**  The Board of Directors may adopt emergency Bylaws, subject to a vote to repeal or modify by the stockholders, which operate during any emergency in the Corporation's conduct of business resulting from an attack on the United States or a nuclear or atomic disaster.

10.04 **COMPLIANCE WITH STATE LAW.**  Any amendment to the Corporation's Charter or these Bylaws shall be consistent with Title 2, Subtitle 6 of the Act.

These Bylaws are adopted by resolution of the Corporation's Board of Directors on this _09_ day of ___November___, 20_23_.

_____
Director